IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANITA RODRIGUEZ<br>Petitioner<br>vs<br>UNITED STATES OF AMERICA<br>Respondent | CIVIL 06-1309CCC |

## OPINION AND ORDER

Before us is petitioner Anita Rodríguez' *pro se* Motion to Vacate, Correct or Set Aside Conviction and Sentence filed pursuant to 28 U.S.C.§2255 (**docket entry 2**).[1] The government opposed the motion (docket entry 11) and petitioner filed a reply (docket entry 13).

On September 21, 2000 Rodríguez and twenty-six other persons were charged in a two count indictment[2] with conspiring to possess with intent to distribute and to distribute more than five kilograms of cocaine. See, Cr. 00-0730(CCC). Petitioner entered a plea of not guilty. On September 27, 2002, the jury found Rodríguez guilty of the crime charged. Judgment was entered on March 24, 2003, sentencing Rodríguez to a term of imprisonment of 120 months, a term of supervised release of five years, and a special monetary assessment of $100.00. See, criminal docket entry 772. Petitioner appealed and on December 5, 2005 the judgment was affirmed (Criminal docket entry 962), without an opinion, noting only that

---

[1] While the appeal was pending, Rodríguez filed a 28 U.S.C. §2255 motion that was dismissed, without prejudice, as premature.

[2] The second count was a forfeiture count. Superseding indictments were filed on October 25, 2000 and February 14, 2001 (criminal docket entr1es 25 and 106).

CIVIL-06-1309CCC                                  2

> [s]ufficient evidence supports both appellant's conviction and the denial of a sentencing adjustment pursuant to U.S.S.G. §5C1.2. Moreover, appellant has not shown any error in her sentencing provision of such magnitude or consequence that it would undermine faith in the judicial system were it to stand uncorrected."

Id.

Appellant's brief had raised an impermissible delegation to the probation officer of the Court's decision-making authority. An additional <u>Ander</u>'s brief identified the issues raised therein as follows:[3]

1) Court's refusal to grant "safety valve" relief;

2) denial of the Rule 29 motion;

3) use of untranslated audio recordings as exhibits and unofficial transcripts not included as evidence; and

4) sentencing

Plaintiff now raises the following issues:

(1) that her attorney provided ineffective assistance since:

a) he advised her not to change her plea when offered a term of five years imprisonment midway through the trial;

b) he met with petitioner only once prior to trial for only two or three hours, two days before it began;

(2) she was unable to be fully debriefed by Agent De Jesús because attorney Michael Patrick Schiano failed to appear at the meeting and she, therefore, didn't answer any of the questions; and

(3) her attorney did not advise her about the pre-sentence investigation report so she did not answer all the questions at the interview.

---

[3]There being no full opinion, in order to identify the issues raised on appeal certified copies of the briefs were requested and received from the Court of Appeals.

CIVIL-06-1309CCC                                             3

  Petitioner also argues that she was entitled to relief under the safety valve provisions of the Sentencing Guidelines, U.S.S.G. §5C1.2. As set forth in the Circuit Court's mandate, no error was found in the denial of application of the safety valve provision. With regard to this issue, however, the Circuit's decision against her in her direct appeal means that she cannot now relitigate it before us and inasmuch as she cannot show that she was prejudiced by her attorney's failure to raise the issue at trial. U.S. v. Hickman, 96 Fed. Appx. 605, 608 (10th Cir. 2004). See, also, Strickland v. Washington, 466 U.S.668, 694 (1984). (The defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.)

  The United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 684 (1984), reh'g denied, 467 U.S. 1267 (1984), held that the test for judging any claim of ineffectiveness of counsel is whether the counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. The Court developed a two-prong test requiring the defendant to show that: (1) counsel performance was deficient and, (2) the deficient performance prejudiced the defense. Prejudice has been defined as a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. See also Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992), cert. denied, 113 S.Ct. 1368 (1993) ("a petitioner must demonstrate a reasonable probability that, but for the unprofessional errors, the result would have been different.")

  Plaintiff's alleges that her attorney was ineffective in that he recommended against accepting a plea offer made by the government after trial began on the grounds that the attorney believed the government's case against her was very weak. The government, in its response to the petition, states that its file does not reflect that such a plea offer, verbal or written, was made. It nonetheless included with its response a copy of a letter from trial counsel in which he stated that the assistant United States attorney made a plea offer on the

CIVIL-06-1309CCC                                          4

day trial began that calculated a sentence of thirty months imprisonment, which petitioner rejected inasmuch as she was adamant about not serving any jail time.

Trial counsel is entitled to a "strong presumption" that his performance fell "within the wide range of reasonable professional assistance" and will not be judged with the benefit of hindsight.  Almoacid v. United States, 476 F.3d. 518, 521 (7th Cir. 2007) citing Strickland, supra at 688; see, also, Robinson v. Adams, 170 Fed. Appx. 463, 464 (9th Cir. 2006).  When counsel advises the defendant to reject a plea offer, his performance is not objectively unreasonable unless such advice is made "in the face of overwhelming evidence of guilt and an absence of viable defenses."  Almoacid, supra, quoting Gallo-Vasquez v. United States, 402 F.3d. 793, 798 (7th Cir. 2005).

Although plaintiff contends that she met with her attorney only once before trial, counsel's declaration under penalty of perjury describes extensive communications, including "travel to Gurabo, Puerto Rico, on more than three times to discuss the discovery material and the plea offers."  Declaration of Ramón Garay-Medina, docket entry 12, page 3.  He further states that petitioner, who was released pending trial, would travel from Niagara Falls, New York to Puerto Rico when there was a hearing scheduled.  The fact that she was located out of Puerto Rico would explain fewer personal meetings than if she were living in Puerto Rico. Counsel's declaration, however, describes more than adequate pretrial preparation representation of petitioner.

As to her allegation that she could not fully cooperate with the debriefing because attorney Schiano was not present, we note that, at the sentencing hearing, her attorney of record, Mr. Garay-Medina indicated that he had been in attendance at the debriefing and related in detail what had been said at the debriefing.

Plaintiff's charge that her attorney did not apprise her of the presentence report interview, and therefore, she did not answer all of the questions, is not a source of prejudice to the petitioner. Although the Court did not grant relief under the safety valve provision, for

CIVIL-06-1309CCC                                              5

reasons discussed at length at the sentencing hearing, it did in fact, grant her the four level decrease for her role as a minimal participant.  While the guideline range in her case was 63 to 78 months, it was the statutory mandatory minimum sentence that raised the sentence to 120 months.  Thus we find no prejudice caused by whatever she believed she did not answer at the presentence interview.

For the above-stated reasons, the Motion to Vacate, Correct or Set Aside Conviction and Sentence filed pursuant to 28 U.S.C. §2255 (**docket entry 2**) is DENIED, and this action is DISMISSED.

SO ORDERED.

At San Juan, Puerto Rico, on May 21, 2008.


                                                            S/CARMEN CONSUELO CEREZO
                                                            United States District Judge